# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMAN COLTER and ROMAN D. COLTER,<br><br>        Plaintiffs,<br><br>vs.<br><br>SAN JOAQUIN VALLEY COLLEGE, INC.,<br><br>        Defendant. | Case No.  1:08-cv-01004 AWI TAG<br><br>ORDER DENYING PLAINTIFFS' REQUEST TO APPEAR AT MEDIATION BY TELEPHONE<br><br>(Doc. 20) |

        This action commenced in this Court on July 14, 2008, when it was removed from the Kern County Superior Court.  (Doc. 1).  On September 9, 2008, all parties requested that this action be referred to the Court's Voluntary Dispute Resolution Program ("VDRP) pursuant to Local Rule 16-271.  On October 20, 2008, the Court issued a Scheduling Order. (Doc. 15).  On October 22, 2008, this action was referred to the VDRP.   (Doc. 16). On October 23, 2008, the Court issued an Order designating Attorney Steven G. Mehta to serve as the mediator and setting the VDRP mediation session for January 6, 2009 at 9:00 a.m. in Attorney Mehta's offices at 25124 Springfield Court, Suite 250, Valencia, California.  (Doc. 17).  The date and time of the mediation session, as well as the mediator, were selected after the Court conferred with all parties, and the mediator will conduct the mediation on a pro bono basis and in accordance with the rules of the VDRP program.

        On December 30, 2008, Plaintiffs filed a letter requesting to appear at the January 6, 2009 mediation by telephone. (Doc. 20).  The Court's October 23, 2008 order specifically addresses this issue, i.e., paragraph 6 of the Order provides that "[a]ll parties and counsel shall appear in person at

1  the mediation session." (Doc. 17, p.2, ¶ 6). The Order further provides that "[f]ailure to comply
2  with this Order and/or to appear at the mediation session will result in the imposition of sanctions
3  including dismissal . . .." (Doc. 17, p. 3, ¶ 12).

4       A significant amount of time and effort has been expended by the Court to select a mediator
5  and to schedule an appropriate mediation session date and time, in order to order to ensure that the
6  mediation will be productive for all parties. A party's appearance at a mediation session by
7  telephone does not facilitate the mediation process and is unlikely to promote meaningful
8  settlement discussions. The parties have been ordered to *appear in person* at the mediation, and
9  have been advised that *failure to appear in person at the mediation will result in the imposition of*
10 *sanctions including dismissal of the case*. Plaintiffs have failed to show good cause for a telephone
11 appearance at the mediation, and the Court can conceive of no circumstances where a telephone
12 appearance would be allowed at the mediation in this action.

13 **ORDER**

14      Based on the foregoing, the Court makes the following order:

15      1. Plaintiffs' request to appear by telephone at the January 6, 2009 mediation session (Doc.
16 20) is DENIED;

17      2. All parties and counsel shall appear *in person* at the January 6, 2009 mediation session;

18      3. A party's failure to appear *in person* at the January 6, 2009 mediation session or failure to
19 comply with the Court's Order dated October 23, 2008, will result in the imposition of sanctions,
20 including dismissal of the action, striking of the pleadings, and default.

21      4. **Plaintiffs are forewarned that if they fail to appear in person at the January 6, 2009**
22 **mediation session or otherwise fail to comply with the Court's Order dated October 23, 2008,**
23 **the Court will issue findings and recommendations recommending that Plaintiffs' complaint**
24 **be dismissed for failure to comply with the Court's orders. Local Rule 11-110.**

25

26 IT IS SO ORDERED.

27 Dated:   **December 31, 2008**                                    /s/ Theresa A. Goldner
                                                            UNITED STATES MAGISTRATE JUDGE
28